NO. 07-02-0187-CR


NO. 07-02-0188-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 25, 2002



______________________________




DAVID RUSSELL HALE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NOS. 44,828-A, 33,491-A; HONORABLE DAVID L. GLEASON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND


 On April 9, 2002, appellant David Russell Hale filed pro se notices of appeal in the
referenced matters. It was unclear at that time what judgments or orders he was
appealing. However, with his notice of appeal, he expressed dissatisfaction with his prior
appointed counsel and requested the appointment of legal representation. On April 26,
2002, we received a letter from the court clerk informing us that she had received neither
an order from the court requesting her to prepare a transcript in these matters nor payment
from appellant or an affidavit of inability to pay. However, from papers she provided to us,
it appears that in Cause No. 07-02-0187-CR (Trial Court Case No. 44,828-A), there was
an order dated March 27, 2002, deferring adjudication of the guilt of appellant for
possession of a controlled substance and placing him on community supervision. 
Presumably this is one of the orders from which appellant has filed his appeal. 

 On June 7, 2002, we sent letters to the court clerk and the court reporter informing
them that their respective records were due on May 27, 2002. If the records could not be
completed, it was requested that they complete and fill out a request form and return it to
the court no later than June 18, 2002. Then, on June 12, 2002, we received copies of an
order and judgment signed May 15, 2002, pronouncing adjudication of guilt in Cause No.
07-02-0187-CR and an order signed May 15, 2002, revoking community supervision and
imposing a sentence for the conviction of the offense of burglary of a building in Cause No.
07-02-0188-CR (Trial Court Case No. 33,491-A). At that time, appellant was apparently
represented by counsel. 

 Because of the state of confusion surrounding these appeals and because no
clerk's and reporter's records have been filed, we are authorized to abate these appeals
and remand the cases to the 47th District Court of Potter County for a hearing. See Tex.
R. App. P. 37.3. 

 Upon remand, the judge of the trial court shall immediately cause notice to be given
and conduct a hearing to determine:

 1. Whether appellant has abandoned his appeals.

 

 2. If appellant has not abandoned his appeals, whether appellant's attorney
continues to represent appellant and will diligently pursue his appeals. If
not, and appellant is not indigent, what steps should be taken to ensure that
appellant will promptly retain an attorney who will diligently pursue the
appeals.

 

 3. If appellant is indigent, an attorney should be appointed to handle the
appeals. If such an attorney is appointed, this court should be supplied that
attorney's name, address, and State Bar of Texas identification number.

 

 4. If appellant is indigent, what steps are necessary to ensure the prompt
preparation of clerk's and reporter's records.

 

 5. If any other orders are necessary to ensure the diligent and proper
pursuit of appellant's appeals.


 In support of its determination, the trial court will prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. In addition, the trial court shall cause a transcription of the hearing to be prepared
and included in a reporter's record. The supplemental clerk's and reporter's records shall
be submitted to this court no later than July 24, 2002. 

 It is so ordered. 

 Per Curiam

Do not publish.



in-court identification rendered the evidence of identity defective since the
circumstances were sufficient to apprise the factfinder that the witnesses were actually
referring to appellant). Consequently, we hold the evidence of appellant's identity as the
accused to be both legally and factually sufficient. 

Issue 3 - Person Who Started the Fire


 In his third issue, appellant challenges the legal sufficiency of the evidence to show
that he started the fire. We overrule the issue.

 In response to the allegation that there was no evidence identifying him as the
person who set the vehicle aflame, we note the testimony of Mitchell Pratorius. When
asked if appellant explained "anymore detail when he said that he torched it, what he meant
by that," the witness said: ". . . [n]o . . . that's all that was said was that he torched it." 
(Emphasis added). Appellant's purported statement that "he" torched the car is some
evidence upon which a rational factfinder could conclude beyond reasonable doubt that
appellant personally set fire to the car. And, this conclusion is only buttressed by the
evidence that 1) appellant left the house at the time the car was towed, 2) he came back
about 20 minutes later, 3) he seemed nervous, anxious, upset and irate, 4) he made Shyllo
help him hide some of the car parts, 5) Shyllo heard sirens shortly thereafter, and 6) the car
was found burning about a block from appellant's house.


Issue 4 - Admonishment


 In his final issue, appellant argues that he was incorrectly admonished as to the
range of punishment. This purportedly resulted in his plea of true to the enhancement
paragraph in the indictment constituting a violation of the due process clause. We overrule
the issue.

 Assuming arguendo that appellant was misled when he admitted the enhancement
allegation to be true, the State nonetheless proved (via live testimony, pen pack
authentication, and fingerprint analysis) that appellant previously had been convicted of the
crime encompassed in the enhancement paragraph. Consequently, we hold, beyond
reasonable doubt, that the purported mistake did not contribute to the conviction or
punishment assessed. 

 Having overruled each issue, we affirm the judgment of the trial court.


 Per Curiam 

Do not publish.